IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TRUSTEES OF THE HEATING, PIPING, AND REFRIGERATION PENSION FUND, *et al.*, | * | |
| Plaintiffs | * | CIVIL No. 1:11-cv-03613-JKB |
| v. | * | |
| RJC MECHANICAL, INC., *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**
**In Re: Plaintiffs' Motion for Default Judgment (ECF No. 10)**

The Steamfitters Local Union No. 602 ("the Union") and the trustees of several employee benefit funds with which it is associated ("the Plaintiff Funds"),[1] (collectively "Plaintiffs"), brought this suit against RJC Mechanical, Inc. ("RJC"), Lewis A. Woods, and Trisha L. Woods (collectively "Defendants"), for alleged failure to pay contributions owed to the Plaintiff Funds under the terms of a collective bargaining agreement. Now pending before the Court is Plaintiffs' Motion for Default Judgment (ECF No. 10). The issues have been briefed and no oral argument is required. Local Rule 105.6. For the reasons explained below, Plaintiffs' Motion for Default Judgment (ECF No. 10) is GRANTED.

---

[1] These are: the Trustees of the Heating, Piping and Refrigeration ("HPR") Pension Fund; the Trustees of the HPR Medical Fund; the Trustees of the HPR Training Fund; the Industry Promotion Fund; the Communications and Productivity Fund; the Steamfitters Local 602 Retirement Savings Fund; and the Trustees of the International Training Fund.

1

I. BACKGROUND

Defendant RJC is a pipefitting and steamfitting contractor. It is also a member of an employer association called the Mechanical Contractors Association of Metropolitan Washington, Inc. ("MCAMW"). MCAMW is a party to a Collective Bargaining Agreement ("CBA") with the Steamfitters Local Union No. 602. Under the CBA, member employers, including RJC, are obligated to make contributions to a number of employee benefit funds for hours worked by union employees. The Union and the Plaintiff Benefit Funds allege that RJC was late in submitting its contributions for the months of August and November 2009, February, March, and October of 2010, and January and February of 2011, and that it has failed altogether to pay contributions due between March and October of 2011. They claim that under the terms of the CBA and the Plaintiff Funds' Agreements and Declarations of Trust ("ADTs") they are entitled to receive the amount of the delinquent contributions, liquidated damages, and interest, as well as the attorney's fees and costs associated with bringing this action. They further allege that Defendants Lewis and Trisha Woods are personal guarantors of RJC's contribution obligations up to $10,000, and that they are therefore jointly and severally liable for that sum. Finally, Plaintiffs allege that under the ADTs, they are entitled to conduct a payroll audit of RJC's records. They claim that they have attempted to gain access to these records but have so far been unable to do so. They therefore request that the Court enjoin RJC to submit to an audit.

Plaintiffs filed this suit on December 15, 2011, and served process on Defendants on February 14, 2012. Defendants made no appearance within the prescribed time, and on March 7, 2012, the Court therefore ordered Plaintiffs to file motions for entry of default and for default judgment. (Order, ECF No. 7). Plaintiffs filed a motion for entry of default on March 16, 2012,

which was granted. (Clerk's Entry of Default, ECF No. 9). Plaintiffs now submit the instant motion for default judgment.

## II.    LEGAL STANDARD

In reviewing a motion for default judgment, the court accepts as true the well-pled factual allegations in the complaint with regard to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). Default alone, however, does not establish liability; rather, the court must determine as a matter of law whether the plaintiff's well-pled factual allegations entitle him to the relief he seeks. 10A CHARLES ALAN WRIGHT, *ET AL.*, FED. PRAC. & PROC. CIV. § 2688 (3d ed. Supp.2010); *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If the court determines that liability exists, then it must determine the proper amount of damages. In this regard, the court does not accept the plaintiff's allegations as true, but instead must make an independent determination. *See Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999). If the record does not contain sufficient evidence to determine damages, the court may conduct a hearing to determine a proper award. Fed. R. Civ. P. 55(b)(2)(B).

## III.    ANALYSIS

The complaint alleges, in pertinent part, as follows: (1) that Defendant RJC is a party to a collective cargaining agreement with the Union under which it is obliged to pay contributions to the Plaintiff Benefit Funds for hours worked by Union employees; (2) that the CBA and ADTs further require RJC to pay liquidated damages and interest on any contributions that are not paid or that are paid late; (3) that RJC has failed to pay contributions due between March and September of 2011 in the amount of $7,521.58; (4) that RJC was late in submitting its contributions for the months of August and November of 2009, February, March, and October of

2010, and January and February of 2011; (5) that Defendants Trisha and Lewis Woods personally guaranteed (and agreed to be jointly and severally liable for) RJC's payment of contributions up to $10,000; and (6) that under the ADTs the Plaintiff Funds are entitled to access to RJC's payroll records and, despite continued efforts, have been unable to do so. Having admitted the truth of these well-pled allegations by their default, the Court finds that Defendants are liable for violation of ERISA, 29 U.S.C. § 1145 and for breach of the collective bargaining agreement. *See Hudson County Carpenters Local Union No. 6 v. V.S.R. Construction Corp., 127 F.Supp.2d 565, 568* (D.N.J. 2000) ("It is well-established that the failure to make contributions to a union trust fund as required by a collective bargaining agreement constitutes a violation of ERISA § [1145] and a violation of LMRA § [185].").

The Court must now conduct an independent investigation of the damages to which Plaintiffs are entitled. Under ERISA, Plaintiffs are entitled to the following damages items with respect to the unpaid contributions:

**(A)** recovery of the unpaid contributions;

**(B)** interest on the unpaid contributions [using the rate provided for under the plan];

**(C)** an amount equal to the greater of--

**(i)** interest on the unpaid contributions, or

**(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

**(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and
**(E)** such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). Plaintiffs have submitted an affidavit from Mr. Joseph Swann, the principal of Benefits Administration Corporation, Inc., which is the administrator of the Plaintiff Benefit Funds. (Swann Aff. ECF No. 10-3, Ex. A). Mr. Swann testifies that RJC's collective bargaining agreement with the Union requires it to pay liquidated damages of 15% and interest at a rate of 10% per annum (calculated daily at 0.027%) on all contributions which are unpaid or late-paid. He further testifies that RJC's remittance reports show that it failed to pay $7,521 in contributions due between March 2011 and September 2011. The Court accepts Mr. Swann's testimony. Therefore, under ERISA, Plaintiffs are entitled to receive the unpaid contributions ($7,521), liquidated damages equal to 15% of the unpaid contributions ($1,128.15), and, pre-judgment interest on the unpaid contributions ($530.96),[2] for a total of $9,180.11.

Mr. Swann also testifies that RJC was late in making its contribution payments for the months of August and November of 2009, February, March, and October of 2010, and January and February of 2011. Mr. Swann does not identify the amounts of the contributions owed for these months or when they were paid, but he has provided calculations of the liquidated damages and interest due, which are $2,683.11 and $246.51, respectively. (Swann Aff., Appendix 1). The Court will also accept Mr. Swann's testimony in this regard. Although ERISA does not authorize the recovery of damages or interest for late-paid contributions, those remedies are provided for in the ADTs, which Mr. Swann testifies are incorporatd by reference into the CBA, the terms of which the Court may enforce under the Labor Management Relations Act

---

[2] This figure has been calculated by Plaintiffs by multiplying the unpaid contributions due each month by the daily rate of 0.027% and then multiplying the product by the number of days between the contributions' due dates and April 6, 2012, the day following Plaintiffs' submission of this motion. (Swann Aff., Appendix 1).

("LMRA"), 29 U.S.C. § 185(a).[3]  Therefore, the Court will award Plaintiffs liquidated damages and pre-judgment interest on the late-paid contributions in the amount of $2,929.62.

Next, Mr. Swann testifies that Plaintiffs' auditor has contacted RJC to request access to its records for an audit but has been "unsuccessful." (*Id*. at ¶ 15).  He further testifies that, as alleged in the Complaint, the ADTs entitle the Plaintiff Funds to an audit of RJC's payroll records. (*Id*. at ¶¶ 8, 15).  Plaintiffs therefore request that the Court enjoin RJC to submit to a payroll audit.  The Court accepts Mr. Swann's testimony in this regard and will therefore grant the injunction.

Next, Mr. Swann testifies that Defendants Trisha and Lewis Woods signed a personal guarantee of RJC's obligations, up to $10,000.  The signed guarantee is attached to Mr. Swann's affidavit as Appendix 2.  The document, however, does not identify the amount being guaranteed.  Instead, the line on the form designating that amount is blank.  But, Plaintiffs have also submitted a declaration from the Union's Business Manager, Joseph Savia.  Mr. Savia states that when Trisha and Lewis Woods signed the guarantee, they agreed with him, personally, that the amount would be $10,000, which was then the standard "penalty" amount for such guarantees. (Savia Dec. ¶ 6, ECF No. 10-4, Ex. B).  The Court accepts these statements and therefore finds that Trisha and Lewis woods are jointly and severally liable for up to $10,000 of the judgment that will be entered in this case.

Finally, in accordance with Rule 109.2 and Appendix B of the Local Rules, counsel for Plaintiffs have submitted an affidavit with an attached timesheet detailing the hours they worked

---

[3] Plaintiffs have standing as intended third-party beneficiaries to bring an action to enforce the collective bargaining agreement and to seek remedies for its breach. *See Hook v. State of Ariz. Dept. of Corrections*, 972 F.2d 1012, 1014 (9th Cir. 1992) (citing Restatement (Second) of Contracts: Creation of Duty to Beneficiary § 304 (1981)) ("parties to an agreement have the power to create enforcement rights in non-parties."); *see also Bd. of Tr. of Chicago Plastering Inst. Pension Trust Fund v. William A. Duguid Company*, 761 F.Supp. 1345, 1348 n.2 (beneficiaries of collective bargaining agreements have standing to sue under LMRA.").

and the costs they incurred in litigating this case. (Counsel Aff., ECF No. 10-5, Ex. C). These documents state that counsel have agreed to bill Plaintiffs at the rate of $200 per hour for attorney work and $120 per hour for paralegal work. (Counsel Aff. ¶ 4, ECF No. 8-6, Ex. 3). The attached timesheet reflects 18.25 hours worked by one attorney and two paralegals for a total fee of $2,450, plus $500 in costs for filing fees and service of process. The Court finds that these fees and costs are reasonable.

### IV.     CONCLUSION

Accordingly, an order shall issue entering judgment by default against Defendants for the relief specified above.

Dated this 7th day of May, 2012

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge